FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 AUG 14 P 5:05
CLERK'S OFFICE
AT GREENBELT
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

CHRISTOPHER SCOTT FRANCIS,

    Plaintiff,

v.

WESTERN CORRECTIONAL
INSTITUTION, *et al.*,

    Defendants.

Case No.: GJH-16-2898

## MEMORANDUM OPINION

Plaintiff Christopher Scott Francis, a self-represented inmate incarcerated at the Western Correctional Institution ("WCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983, seeking monetary damages and other miscellaneous relief from Defendants WCI and Wexford Health Sources ("Wexford"). Presently pending before the Court is Wexford's Motion to Dismiss or Alternatively for Summary Judgment, ECF No. 13, WCI's Motion to Dismiss, ECF No. 24, and Plaintiff's Motion to Reconsider Denial of Additional Discovery, ECF No. 21. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For reasons that follow, Defendants' Motions to Dismiss are granted, and Plaintiff's Motion to Reconsider Denial of Additional Discovery is denied.

### I. BACKGROUND

In the Complaint, Plaintiff states that his prescription medications for his arthritis, dermatitis, and allergy conditions expired. ECF No. 1 at 4.[1] Francis complains that although he

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated

filed informal complaints and sought administrative remedies regarding the expiration of his medication in May of 2016, his medications were not renewed. *Id.* Francis acknowledges that on July 21, 2016, an arthritis medication "Meloxicam"[2] was delivered to provide him "some" relief, but he was not provided his dermatitis cream or his allergy spray. *Id.* at 5. Plaintiff claims he was informed that the order for the medications "was never put in." *Id.*

Plaintiff filed the instant Complaint on August 17, 2016. ECF No. 1. On November 28, 2016, Defendant Wexford filed a Motion to Dismiss, or Alternatively, for Summary Judgment, which remains unopposed as of the signature date.[3] ECF No. 13. Also pending is Defendant WCI's unopposed Motion to Dismiss.[4] ECF No. 24. In addition, Francis has filed a Motion to Reconsider the Denial of his Request for Additional Discovery. ECF No. 21.

This Court previously denied Francis' Motion to Expand the Record, noting that Francis had not shown the relevance of documents he seeks, nor his inability to craft, through affidavit or declaration, rebuttal oppositions which present "facts essential to justify [his] opposition" based upon the record presented to the court. ECF No. 18; *see* Fed. R. Civ. P. 56(d). *Id.* In his Motion to Reconsider, Francis contends that the record presented to the Court is incomplete, inaccurate, indecipherable, and inconclusive. ECF No. 21 at 2. He therefore claims that he requires access to his entire medical record and sick-call histories. *Id.* Wexford opposes the reconsideration motion. ECF No. 23. The issues presented for review by the Complaint and Defendant WCI's response do not involve a substantive or complicated analysis of the facts. Francis has failed to show that

---

by that system.

[2] Meloxicam is used to treat arthritis. It reduces pain, swelling, and stiffness of the joints. Meloxicam is known as a nonsteroidal anti-inflammatory drug (NSAID). *See* http://www.webmd.com/drugs/2/drug-911/meloxicam-oral/details.

[3] Francis was granted additional time to and including January 17, 2017 to file his opposition. ECF No. 18. He has not done so.

[4] By motion, Francis requested an extension of time to respond "to and including February 13, 2017." ECF No. 22. The Motion shall be granted nunc pro tunc.

he cannot craft a response to the Wexford and WCI motions in the absence of additional materials. Accordingly, the Motion to Reconsider Denial of Additional Discovery is denied.

## II. STANDARD OF REVIEW

Defendants may "test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court should not grant a motion to dismiss for failure to state a claim for relief unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50) (1989)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating the sufficiency of the Plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Fed. R. Civ. P. 8(a) further provides that "[a] pleading that states a

3

claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Although "no technical forms of pleading are required, a complaint must 'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Engle v. United States*, 736 F. Supp. 670, 671 (D. Md. 1989), *aff'd*, 902 F.2d 28 (4th Cir. 1990) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The Court is not obligated to accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) or legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. DISCUSSION

42 U.S.C. § 1983 states in pertinent part that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . for redress." 42 U.S.C. § 1983. It is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

Therefore, municipalities, other local government bodies, and private corporations acting under color of state law, as here, may not be held liable in a Section 1983 action under a theory of *respondeat superior*. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999);

4

*Davis v. Wexford Health Sources, Inc.*, No. 2:15-CV-09756, 2017 WL 938319, at *4 (S.D. W. Va. Mar. 9, 2017) (explaining that a private entity which contracts with the state to provide medical services acts "under color of state law") (citing *West v. Atkins*, 487 U.S. 42 (1998)). Rather, "a private corporation is liable under Section 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin*, 195 F.3d at 728. Here, Francis has failed to allege facts showing an official policy or custom by Wexford in regard to the matters alleged in his Complaint. His effort to hold Wexford liable based on its supervisory role, without more, fails to state a claim upon which relief may be granted.

Further, Defendant WCI is not a "person" subject to suit under 42 U.S.C. § 1983. A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, No. CIV.A. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983.") *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Thus, the Section 1983 claim against WCI is also subject to dismissal.

In addition, even if Plaintiff had brought suit against the appropriate individual prison or medical officials, the allegations in his Complaint are insufficient to state a claim for constitutional violations. A defendant prison official "violates the Eighth Amendment by acting with deliberate indifference to a prisoner's serious medical needs." *Randolph v. State*, 74 F. Supp. 2d 537, 543–44 (D. Md. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To

5

state a claim for this type of violation, the plaintiff inmate must adequately plead "(a) that he had a sufficiently serious medical need that required medical treatment; and (b) prison officials were aware of it, but acted with deliberate indifference by declining to secure available medical attention." *Id.* (citing *Brice v. Virginia Beach Correctional Ctr.*, 58 F.3d 101, 104 (4th Cir. 1995)). "Deliberate indifference" on the part of the prison official requires "more than ordinary negligence or lack of due care for the prisoner's interests or safety; it instead requires that a prison official actually 'knows of and disregards an excessive risk to inmate health or safety.'" *Openshaw v. Wexford Med. Dep't*, No. CV TDC-15-3521, 2017 WL 658712, at *2 (D. Md. Feb. 16, 2017) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

In this case, Plaintiff alleges that he experiences arthritis, eczema, and allergies. These allegations, without further detail, do not rise to the level of sufficiently serious medical needs that require immediate medical attention. *See, e.g., Openshaw v. Wexford Med. Dep't*, No. CV TDC-15-3521, 2017 WL 658712, at *2 (D. Md. Feb. 16, 2017) (finding no Eighth Amendment violation where plaintiff inmate alleged that he was not being provided the right medication for his hepatitis C, resulting in physical pain); *White v. Corizon, Inc.*, No. CIV.A. DKC-14-879, 2014 WL 1831120, at *1 (D. Md. May 7, 2014) (finding plaintiff inmate failed to state a constitutional claim where he alleged that his prescriptions for lotion and muscle rub were cancelled, and that he had not received adequate medical care for back pain, nerve damage in his hand, and skin rashes). Moreover, Francis himself acknowledges that he was provided arthritis medication that "does provide some relief, but does not kill all pain." ECF No. 1 at 5; *see also Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("A disagreement between an inmate and prison staff over proper treatment does not rise to the level of deliberate indifference 'unless exceptional circumstances are alleged.'"). For these reasons, Plaintiff's Complaint fails to allege

sufficient facts showing Defendants' deliberate indifference to a sufficiently serious medical need, which would entitle Plaintiff to relief in this Court.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss shall be granted. Defendant Wexford's Motion for Summary Judgment shall be dismissed without prejudice.[5] A separate Order shall issue.

Date: August 14, 2017

GEORGE J. HAZEL
United States District Judge

---

[5] Counsel is cautioned that any future filing of a Rule 56(a) motion that relies on the medical record should be accompanied by Affidavit and a more comprehensive filing of exhibits.

7